*Wang v. Sessions*

BIA
Hom, UJ
A205 888 747

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand seventeen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>PIERRE N. LEVAL,
>ROBERT D. SACK,
>>*Circuit Judges.*

_____

LINQING WANG,

>*Petitioner,*


>v.                                                                   No. 16-531
>                                                                       NAC

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

>*Respondent.*

_____

For Petitioner:              Lewis G. Hu, New York, NY.

For Respondent:          Benjamin C. Mizer, Principal Deputy Assistant
                                     Attorney General; Terri J. Scadron, Assistant Director;
                                     Christina P. Greer, Trial Attorney; Sarah Martin, Legal

Intern, Office of Immigration Litigation, United States
Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Linqing Wang, a native and citizen of the People's Republic of China, seeks review of a January 28, 2016, decision of the BIA affirming a June 2, 2014, decision of an Immigration Judge ("IJ") denying Wang's motion to reopen. *In re Linqing Wang,* No. A205 888 747 (B.I.A. Jan. 28, 2016), *aff'g* No. A205 888 747 (Immig. Ct. N.Y. City June 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

A motion to reopen must be based on new facts supported by affidavits or other evidentiary material. 8 U.S.C. § 1229a(c)(7)(B). "A motion to reopen will not be granted unless the [IJ] is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3).

The only previously unavailable evidence Wang submitted in support of his motion to reopen was a February 2014 notification from the Change City Family Planning Office ordering Wang and his wife to submit for sterilization. The dispositive issue is thus whether the agency abused its discretion in declining to give weight to the sterilization notification.

While we generally "defer to the agency's determination of the weight afforded to an alien's documentary evidence," *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013), in this case the agency's determination is problematic for two reasons. First, an IJ may not refuse to credit a

2

document based solely on the fact that it is not authenticated pursuant to 8 C.F.R. § 287.6. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005). Second, the BIA discredited the notification on the basis that it was a photocopy. But the agency's practice manuals instruct litigants to submit photocopies of evidence rather than originals. *See* Immigration Court Practice Manual at 52-53 (2016); BIA Practice Manual at 42-43 (2016); *see also Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1149 (9th Cir. 2013) (holding that BIA may not give diminished weight to photocopy because its practice manual instructs parties to submit photocopies). And it is unclear whether the IJ and BIA would have relied solely on the lack of a signature, given that the document appears to bear an official seal. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289–90 (2d Cir. 2007) (remand is appropriate where we cannot "confidently predict that the agency would reach the same decision absent the errors that were made." (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006))).

We express no opinion regarding the weight or credibility of the sterilization notification, but remand for further clarification and explanation from the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk